IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| GERALD BERRY, | ) |
| Movant, | ) |
| | ) Cv. No. 2:14-cv-02486-STA-cgc |
| v. | ) Cr. No. 2:05-cr-20293-01-JDB |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

ORDER TO MODIFY THE DOCKET,
ADDRESSING PENDING MOTION,
DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Before the Court is the motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") filed by Movant, Gerald Berry, Bureau of Prisons register number 20559-076, an inmate at the Federal Correctional Institution in Otisville, New York (§ 2255 Mot., *Berry v. United States,* No. 2:14-cv-02486-STA-cgc (W.D. Tenn.), ECF No. 1) and Berry's motion to withdraw his § 2255 Motion and his motion to withdraw the motion to withdraw. (Mot. to Withdraw § 2255 Mot., *id.*, ECF No. 3; Mot. to Withdraw Request to Withdraw, *id.*, ECF No. 4.) For the reasons stated below, the Court **GRANTS** Berry's motion to withdraw his request to withdraw his § 2255 Motion and **DENIES** the § 2255 Motion.

**I.      BACKGROUND**

   **A.      Case Number 05-20293**

On August 16, 2005, a federal grand jury returned a two-count indictment against Berry, Tracy Campbell and Quanda Rufus. (Indictment, *United States v. Berry*, No. 2:05-cr-20293-01-STA (W.D. Tenn.), ECF No. 1 (sealed).) Count 1 alleged that, in or about July 2003, Berry and Campbell, aided and abetted by others, both known and unknown, devised and executed a scheme and artifice to defraud First Tennessee Bank by attempting to negotiate a counterfeit First Tennessee Bank check drawn on an account styled Clifton G. or Helen M. Evans, made payable to Campbell in the amount of $820.40, in violation of 18 U.S.C. §§ 1344 and 2. Count 2 alleged that all defendants attempted to negotiate at First Tennessee Bank a counterfeit check drawn on an account styled Gwen M. Christiansen, d.b.a. Builders' Floors & Interiors, made payable to Campbell in the amount of $894.56, in violation of 18 U.S.C. §§ 1344 and 2.

Pursuant to a written plea agreement, Berry appeared before United States District Judge J. Daniel Breen on March 29, 2006, to plead guilty to Count 1 of the indictment. (Plea Agreement, *id.*, ECF No. 58.)[1] At a hearing on September 14, 2006, Judge Breen sentenced Berry to a term of imprisonment of fifty-one months, to run concurrent to the sentence imposed in Case Number 05-20295, and to be followed by a three-year period of supervised release. (Min. Entry, *United States v. Berry,* No. 2:05-cr-20293-01-JDB (W.D. Tenn.), ECF No. 91.) Judgment was entered on September 18, 2006. (J. in a Criminal Case, *id.*, ECF No. 94 (sealed).) The United States Court of Appeals for the Sixth Circuit affirmed Berry's sentence. *United States v. Berry,* No. 06-6370 (6th Cir. Apr. 22, 2008). Berry did not file a motion pursuant to 28 U.S.C. § 2255.

---

[1] The plea agreement also resolved the charges in *United States v. Berry,* No. 2:05-cr-20295-JDB (W.D. Tenn.) ("Case Number 05-20295").

### B. Case Number 05-20295

On August 16, 2005, the grand jury returned a second indictment against Berry. (Indictment, *United States v. Berry*, No. 05-cr-20295-JDB (W.D. Tenn.), ECF No. 1.) Count 1 charged that, beginning on or about March 7, 2003, and continuing through April, 2003, Berry, aided and abetted by other persons, devised a scheme or artifice to defraud First Tennessee Bank by obtaining checks belonging to customers of First Tennessee; completing the checks in the name of Gerald Belew, an alias of Berry; and cashing the checks using false identification. Specifically, on or about March 7, 2003, Berry attempted to negotiate at First Tennessee Bank counterfeit check number 5281 made payable to Gregory Belew, in the amount of $680.00, drawn on an account styled Joe Anne Nicholson bearing the forged signature of the account holder, in violation of 18 U.S.C. §§ 1344 and 2. Count 2 charged that, on or about April 4, 2003, Berry attempted to negotiate at First Tennessee counterfeit check number 2237 made payable to Gregory Belew, in the amount of $694.75, drawn on an account styled Jennifer or Erik Pekar, bearing the forged signature of the account holder, in violation of 18 U.S.C. §§ 1344 and 2. Count 3 charged that, on or about April 18, 2003, Berry attempted to negotiate at First Tennessee Bank counterfeit check number 6104, made payable to Gerald Belew, in the amount of $580.60, drawn on an account styled Simpson Dunn & Associates bearing the forged signature of the account holder, in violation of 18 U.S.C. § 1344 and 2.

The plea agreement that Berry signed on March 29, 2006, required him to plead guilty to Count 1 of the indictment in Case Number 05-20295. (Plea Agreement, *id.*, ECF No. 33; Guilty Plea Hr'g Tr., *id.*, ECF No. 45 (sealed).) On September 14, 2006, Judge Breen sentenced Berry to a term of imprisonment of fifty-one months, to run concurrent to the sentenced imposed in Case Number 05-20293, at to be followed by a three-year period of supervised release. (Min.

Entry, *id.*, ECF No. 39; Sentencing Hr'g Tr., *id.*, ECF No. 44 (sealed).) Judgment was entered on September 29, 2006. (J. in a Criminal Case, *id.*, ECF No. 40 (sealed).)

      C.      **The Supervised Release Violation**

On May 13, 2011, the Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, which charged Berry with violating the conditions of his supervised release due to his arrest on April 13, 2011, by the Mid-South Electronic Crimes Task Force on two counts of forgery, identity theft and two counts of theft of property over $500. (Pet. for Warrant or Summons for Offender Under Supervision, *United States v. Berry,* No. 2:05-cr-20293-01-JDB (W.D. Tenn.), ECF No. 121.)[2] Judge Breen conducted a supervised release violation hearing in Case Numbers 05-20293 and 05-20295 on October 20, 2011, at which Berry entered an *Alford* plea to the violation. Judge Breen imposed a sentence of twenty-seven months for each of the forged checks that Berry cashed, with the sentences to run consecutively for a total term of imprisonment of fifty-four months. (Min. Entry, *United States v. Berry,* No. 2:05-cr-20293-01-JDB (W.D. Tenn.), ECF No. 133; 10/20/2011 Hr'g Tr., *id.*, ECF No. 137.) A judgment on the supervised release violation was entered on October 21, 2011. (J. on Supervised Release Violation, *id.*, ECF No. 134 (sealed).)

Berry took a direct appeal of the sentence on the supervised release violation. On appeal, Berry argued, *inter alia,* that Judge Breen violated Federal Rule of Criminal Procedure 11(b)(1)(B) by failing to advise him of the maximum sentence and the possibility of consecutive

---

[2] The conduct that formed the basis for the revocation hearing was the subject of a third federal indictment against Berry, *United States v. Berry,* No. 2:11-cr-20221-01-STA (W.D. Tenn.) ("Case Number 11-20221"). Berry subsequently pled guilty to Count 1 of the indictment in Case Number 11-20221 and was sentenced to a term of imprisonment of 78 months, with that sentence to be served consecutively to the 54-month sentence for the supervised release violations. (Am. J., *id.*, ECF No. 107 (sealed).)

sentences before accepting his *Alford* plea. The Sixth Circuit affirmed Berry's sentence on the supervised release violation, reasoning as follows:

> Without addressing the applicability of Rule 11 to supervised release revocation proceedings, we find that Berry has not met his burden of demonstrating that he would not have pleaded no contest if the court had informed him of the maximum possible penalty. He makes no such assertion in his appellate brief, and the record shows that Berry was, in fact, aware that he faced a possible seventy-two month sentence. Before entering his pleas, Berry informed the court that he had reviewed the revocation petition. Attached to the revocation petition was the violation worksheet, which specifically stated that "the statutory maximum term of imprisonment is 36 months each, for an aggregate total term of imprisonment of 72 months." Furthermore, prior to the imposition of sentence, the government explained that the court could sentence Berry to a maximum of seventy-two months of imprisonment, and the court subsequently reiterated that Berry could receive a maximum term of thirty-six months with respect to each violation. Berry at no time indicated that he was unware that he faced such a penalty, or that he no longer wished to enter an *Alford* plea. Accordingly, Berry has failed to show plain error warranting relief.

Slip op. at 2-3, *United States v. Berry,* Nos. 11-6318, -6319 (6th Cir. Dec. 14, 2012) (citation omitted).

D.  **Case Number 14-2486**

On June 23, 2014, Berry filed his *pro se* § 2255 Motion, which was titled "MEMORANDUM OF LAW IN SUPPORT OF APPLICATION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER TITLE 28 U.S.C. § 2255." (§ 2255 Mot., *Berry v. United States,* No. 2:14-cv-02486-STA-cgc (W.D. Tenn.), ECF No. 1.)[3] In his § 2255 Motion, Berry raises the following issues:

---

[3] Movant's § 2255 Motion is not filed on the official form, as required by Rule 2(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("§ 2255 Rules"). Movant also did not comply with Rule 2(a)(5) of the § 2255 Rules, which requires that a § 2255 motion must "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." The Court has not ordered Movant to file an amended motion on the official form that is signed under penalty of perjury because the § 2255 Motion presents a purely legal issue.

5

1. "Whether the District Court complied with Fed. R. Crim. P. 32 during Gerald L. Berry's supervised release violation proceeding" (§ 2255 Mot. at 6, *Berry v. United States,* No. 2:14-cv-02486-STA-cgc (W.D. Tenn.), ECF No. 1 (emphasis omitted)); and

2. "Whether the District Court properly sentenced Gerald L. Berry" (*id.* (emphasis omitted)).

On June 30, 2014, Berry filed a motion seeking leave to withdraw this § 2255 Motion because of the pendency of another § 2255 motion he had filed addressing his conviction in Case Number 11-20221. (Mot. to Withdraw § 2255 Mot., *id.*, ECF No. 3.) On January 15, 2015, Berry filed a motion seeking leave to withdraw his motion to withdraw and reinstate the instant § 2255 Motion. (Mot. to Withdraw Request to Withdraw, *id.*, ECF No. 4.)

On June 22, 2015, a letter from Berry to the Clerk seeking information about the status of the matter was docketed. (Letter, *id.*, ECF No. 6.) A second letter to the Clerk was docketed on July 24, 2015 (Letter, *id.*, ECF No. 7), and a third letter on January 26, 2016 (Letter, *id.*, ECF No. 8).[4]

## II.     THE PENDING MOTIONS

Berry filed a motion to withdraw the instant § 2255 Motion because of his erroneous belief that he cannot have pending both this motion and a § 2255 motion addressing Case Number 11-20221. (Mot. to Withdraw § 2255 Mot., *Berry v. United States,* No. 2:14-cv-02486-STA-cgc (W.D. Tenn.), ECF No. 3.) In his motion to withdraw the motion to withdraw, Berry disclosed that he had learned that the pendency of a § 2255 motion addressing Case Number 11-20221 does not preclude him from litigating a § 2255 motion addressing his supervised release

---

[4] The Clerk is directed to modify the docket to reflect that these filings are not motions.

violation. (Mot. to Withdraw Request to Withdraw, *id.*, ECF No. 4.) Berry's most recent motion is supported by a decision of the Sixth Circuit that denied as unnecessary his application to file a second or successive § 2255 motion. (*In re Berry,* No. 14-6050 (6th Cir. Dec. 31, 2014), at ECF No. 4-1.) The Court of Appeals reasoned that "[a]uthorization from this court is unnecessary because Berry's motion to vacate is the first motion to vacate challenging his supervised-release revocation sentence." (Slip op. at 2, *id.*)

For good cause shown, Berry's motion to withdraw the motion to withdraw his § 2255 Motion is **GRANTED**. The Court will address the merits of Berry's § 2255 Motion. The Clerk is directed to terminate the motion to withdraw the § 2255 Motion.

## III. THE LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

A § 2255 motion is not a substitute for a direct appeal. *See Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976). "Defendants must assert their claims in the ordinary course of trial and

direct appeal." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). This rule is not absolute:

> If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In those rare instances where the defaulted claim is of an error not ordinarily cognizable or constitutional error, but the error is committed in a context that is so positively outrageous as to indicate a "complete miscarriage of justice," it seems to us that what is really being asserted is a violation of due process.

*Id.*

Even constitutional claims that could have been raised on direct appeal, but were not, will be barred by procedural default unless the defendant demonstrates cause and prejudice sufficient to excuse his failure to raise those issues previously. *El-Nobani v. United States*, 287 F.3d 417, 420 (6th Cir. 2002) (withdrawal of guilty plea); *Peveler v. United States*, 269 F.3d 693, 698-99 (6th Cir. 2001) (new Supreme Court decision issued during pendency of direct appeal); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000) (trial errors). Alternatively, a defendant may obtain review of a procedurally defaulted claim by demonstrating that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998).

"[A] § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *see also DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) (same).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("§ 2255 Rules"). "If the motion is not

dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.* The movant is entitled to reply to the Government's response. Rule 5(d), § 2255 Rules. The Court may also direct the parties to provide additional information relating to the motion. Rule 7, § 2255 Rules.

"In reviewing a § 2255 motion in which a factual dispute arises, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Valentine v. United States,* 488 F.3d 325, 333 (6th Cir. 2007) (internal quotation marks omitted). "[N]o hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.* (internal quotation marks omitted). The movant has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

**IV.        ANALYSIS OF MOVANT'S CLAIMS**

In Claim 1, Berry argues that the sentencing court failed to comply with Rule 32 of the Federal Rules of Criminal Procedure during his supervised release revocation hearing. (§ 2255 Mot. at 6, *Berry v. United States,* No. 2:14-cv-02486-STA-cgc (W.D. Tenn.), ECF No. 1.) On direct appeal, the Court of Appeals concluded that Berry had been advised of the maximum sentence for the supervised release violation and the possibility of consecutive sentencing at the time he pled guilty. (Slip op. at 2-3, *United States v. Berry*, Nos. 11-6318, -6319.) Berry cannot relitigate that finding in his § 2255 Motion.

In Claim 2, Berry argues that the sentencing court lacked the authority to sentence him to consecutive terms of imprisonment on his supervised release violation because he was originally sentenced to concurrent terms of supervised release in his two criminal cases. (§ 2255 Mot. at

9

11, 15-18, *Berry v. United States,* No. 2:14-cv-02486-STA-cgc (W.D. Tenn.), ECF No. 1.) According to Berry, the maximum term of imprisonment that could have been imposed for the supervised release violation is thirty-six months. (*Id.* at 17-18.)

Claim 2 is barred by procedural default because Berry could have, but did not, raise it on direct appeal. "Sentencing challenges generally cannot be made for the first time in a post-conviction § 2255 motion. Normally, sentencing challenges must be made on direct appeal or they are waived." *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir. 2001) (citation omitted); *see also O'Neil v. United States,* No. 9202455, 1993 WL 157361, at *1 (6th Cir. May 13, 1993) (same). Berry has not attempted to establish cause for his procedural default.

\* \* \* \*

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), § 2255 Rules. The Court finds that a response is not required from the United States Attorney and that the motion may be resolved without an evidentiary hearing. *See Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003); *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Movant's conviction and sentence are valid and, therefore, his § 2255 Motion is DENIED. Judgment shall be entered for the United States.

### IV.     APPEAL ISSUES

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue(s) which satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

There can be no question that the issues raised in Movant's § 2255 Motion are meritless for the reasons previously stated. Because any appeal by Movant on the issues raised in his Amended § 2255 Motion does not deserve attention, the Court **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good

faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[5]

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 20, 2016.

---

[5] If Movant files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.